IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MYJELLIOUS MCKENZIE and
MONICA MCKENZIE                                                                          PLAINTIFFS

V.                                                            CIVIL ACTION NO. 2:19-cv-196-KS-MTP

NATHAN COOK, individually
and as an Officer of the Columbia Police Department,
ANDREW REID, individually
and as an Officer of the Columbia Police Department,
DAVID RYAN WILLIAMS, individually
and as an Officer of the Columbia Police Department
STEVEN PALMER, individually
and as an Officer of the Columbia Police Department and                     DEFENDANTS
CITY OF COLUMBIA, MISSISSIPPI

## **PLAINTIFFS' ORIGINAL COMPLAINT**

### *Jury Trial Demanded*

COME NOW, PLAINTIFFS, Myjellious McKenzie and Monica McKenzie ("Plaintiffs"), by and through undersigned counsel, and files this Complaint against the Defendants, Nathan Cook, individually and as an officer of the Columbia Police Department, Andrew Reid, individually and as an officer of the Columbia Police Department, David Ryan Williams, individually and as an officer of the Columbia Police Department, Steven Palmer, individually and as an officer of the Columbia Police Department and City of Columbia, Mississippi and presents the following in support:

### **PARTIES**

1. The Plaintiff, Myjellious McKenzie, is an adult resident citizen of Marion County, Mississippi, his address being 401 Hawkins Avenue, Columbia, Mississippi 39429.

2. The Plaintiff, Monica McKenzie, is an adult resident citizen of Marion County, Mississippi, her address being 401 Hawkins Avenue, Columbia, Mississippi 39429.

3. Upon information or belief, Defendant, Nathan Cook ("Cook"), is an adult resident citizen of Marion County, Mississippi who may be served with process at his residence or place of employment.

4. Upon information or belief, Defendant Andrew Reid ("Reid"), is an adult resident citizen of Marion County, Mississippi who may be served with process at his residence or place of employment.

5. Upon information or belief, Defendant David Ryan Williams ("Williams"), is an adult resident citizen of Marion County, Mississippi who may be served with process at his residence or place of employment.

6. Upon information or belief, Defendant, Steven Palmer ("Palmer"), is an adult resident citizen of Marion County, Mississippi who may be served with process at his residence or place of employment.

7. The Defendant, City of Columbia, Mississippi, is a political subdivision of the State of Mississippi and may be served with process upon City Clerk for the City of Columbia, 201 2nd Street, Columbia, MS 39429 Pursuant to the *Mississippi Tort Claims Act*, City of Columbia is personally liable for the acts of Cook, Reid, and Williams while they were acting in course and scope of their employment as officers at the Columbia Police Department. The City is also being sued pursuant to 42 U.S.C. ¶1983 as set forth below.

## JURISDICTION

8. This action is brought pursuant to 42 U.S.C. §1983, 42 USC §1988, the 4th, 8th and 14th Amendments to the United States Constitution, as well as all corresponding sections of

the Mississippi Constitution. Original Jurisdiction is founded upon and the previously mentioned statutory and constitutional provisions. The Plaintiffs have suffered deprivation of certain Federal Constitutional rights, as applied to the States through the Due Process Clause of the 5th and 14th Amendment to the United States Constitution, which include, but are not limited to, the right to be free from the excessive use of force, the right to be free from unreasonable seizures, and the right to be free from deprivations of life and liberty that occur without due process of law. Plaintiffs further invoke the pendent jurisdiction of this Court to hear and decide claims arising under State law against the Defendant, City of Columbia.  The state law claims include, but are not limited to, excessive force under the Mississippi Tort Claims Act and wrongful arrest of Myjellious McKenzie.

9. At all relevant times hereto Cook, Reid, Palmer, and Williams acted under color of state law and in their capacity as officers at the Columbia Police Department and by the authority granted to them as law enforcement officers for the City of Columbia, Mississippi. At all times Cook's, Reid's, Palmer's and Williams' actions were in violation of clearly established law, objectively unreasonable, and committed with deliberate indifference against the Plaintiffs.

10. The Defendant, City of Columbia is personally liable for any acts committed by Cook, Reid, Palmer, and Williams which violate the *Mississippi Tort Claims Act* and is sued only for that claim at this time.

## VENUE

11. Venue is proper in this District pursuant to 28 U.S.C. 1391 (b) and 1393 (a) as the Plaintiffs and at least one Defendant reside in this District and all the claims asserted arose in this District.

## FACTS

12. On August 23, 2018 at approximately 8:06 p.m. Myjellious McKenzie ("Mr.

McKenzie") and Monica McKenzie ("Mrs. McKenzie") were at their home watching the last preseason NFL game with friends Brandon Brown and Tiant Johnson and their 14-year-old daughter Mashanti. Mr. McKenzie saw a light flashing around the door and went to see what was going on. When he looked outside, he saw a Columbia police officer, Nathan Cook, shining a light in Mr. Johnson's truck that was parked in the yard. Mr. Johnson had stopped by for just a moment and left his truck running and the radio was on, but the music was not loud. Mr. Johnson was watching the game and simply lost track of time.

13. Mr. McKenzie stuck his head out of the door and asked Officer Cook what was going on. Cook asked Mr. McKenzie if that was his truck and he told him that it was not. Officer Cook then walked onto his porch and told him that he had already ran the tag and that it was coming back to a "Johnson". Mr. McKenzie advised Officer Cook that was his friend Tiant and Mr. McKenzie told Tiant that he needed to come outside and turn off his truck. Mr. McKenzie then asked Officer Cook what brought him out to the neighborhood. Officer Cook stated that he had received a call about loud music. Mr. McKenzie responded that there had been no loud music at their house and jokingly stated that no one in their neighborhood would call the police for that anyway. At this time Officer Cook became visibly upset and began to curse at Mr. McKenzie. Alarmed by Cook's actions, Mr. McKenzie stated that he was going to call another officer, Sgt. Fortenberry, to his house and walked in to do so.

14. Officer Cook then came to the front door and ordered Mrs. McKenzie to step outside and she complied. Mr. Johnson walked out to tell the officer that it was his truck and he went out to the truck and turned the it off completely. This took place at 8:08 p.m. Mrs. McKenzie advised Officer Cook that since the truck had been turned off could he please leave in order to avoid further problems. Mr. McKenzie's brother, Ephesians McKenzie, walked down the street to see what was going on. Ephesians, Brandon, Tiant, and Mrs. McKenzie were on the front porch with Cook talking. At some point, Mrs. McKenzie went back in the house. A short time later another officer, Officer

4

Williams arrived. Cook attempted to go in the house but Mrs. McKenzie said he could not enter without a search warrant. Officer Cook then replied that if had to get a search warrant, he was taking everyone to jail. Officer Williams went to the door and asked Mr. McKenzie to come out on the porch, but he remained inside. Officer Palmer then arrived on the scene.  As the officers were talking to Ephesians on the porch, Officer Andrew Reid arrived came up on the porch and drew his taser, pointing it at Ephesians. There was absolutely no reason for this. Officer Reid then reached into the house and grabbed Mrs. McKenzie by the arm and pulled her out of her house. Mrs. McKenzie was shocked by this. At this point Sgt. Fortenberry can be seen arriving and Reid immediately took his hands off of Mrs. McKenzie and she went back inside. Mrs. McKenzie was starting to have a panic attack. Sgt. Fortenberry then entered the premises without a problem.  At some point Mrs. McKenzie came back out on the porch still having a panic attack and passed out. At this point in time, Mr. McKenzie came out to make sure his wife was ok. He remained by her side until the ambulance arrived. At no time was Mr. McKenzie committing any crimes.

15. After several minutes on the porch, an ambulance arrived on scene to pick up Mrs. McKenzie. After loading her onto a stretcher, Mr. McKenzie turned to walk into his house to get his keys and Mashanti so that they could go to the hospital. At this time the police officers rushed into his home behind him. Mr. McKenzie was attacked by the officers without justification. His back and head were slammed into the kitchen counter by Officer Cook, and then Mr. McKenzie fell to the floor and was tased by Officer Reid. His head was smashed into the floor by Officer Williams. Mr. McKenzie was taken to jail and charged with disorderly conduct and resisting arrest. These charges were ultimately dismissed in Marion County Circuit Court. However, upon information and belief, some of the officers provided false testimony in court which resulted in Mr. McKenzie being convicted of these charges in the Columbia Municipal Court. It should be noted that Sgt. Fortenberry was not involved in the attack of Mr. McKenzie nor is he accused of any wrongdoing.

16. Officer Cook was involved in at least two other previous incidents in which he used excessive force against a citizen. On August 19, 2017, Officer Cook used excessive force against Shamber Collins. On October 14, 2018, Officer Cook used excessive force against Domenique Jefferson who was being detained at the Marion County Jail. The City of Columbia was put on notice of Officer Cook's behavior by virtue of these actions. However, the City of Columbia failed to take any corrective action against Officer Cook.

### FIRST CAUSE OF ACTION: VIOLATION OF THE MISSISSIPPI TORT CLAIMS ACT

17. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

18. Plaintiffs assert that Officers Cook, Reid, Palmer, and Williams actions were in violation of Mississippi Code Ann. (1972) § 11-46-1, *et seq.,* as they were committed with reckless disregard to the safety and well-being of the Plaintiffs, violative of Article III § 23 of the Mississippi Constitution, and constituted the common law the use of excessive force and wrongful arrest. As the Officers were acting in the scope and course of their employment with the City of Columbia and the City of Columbia is liable for their actions.

19. Further, the City of Columbia, was advised about Cook's, Reid's, Palmer's, and Williams' actions toward the Plaintiffs. However, the City, nor any other city official, took any disciplinary actions against the officers. Such actions also constituted reckless disregard for the Plaintiffs' rights.

### SECOND CAUSE OF ACTION: UNCONSTITUTIONAL USE OF EXCESSIVE FORCE AND ILLEGAL SEIZURE PURSUANT TO 42 U.S.C. §1983

20. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

21. Officers Cook, Reid, Palmer, and Williams' actions constituted excessive and unlawful force and illegal search and seizure in violation of the Plaintiffs' constitutional rights under the 4th, 8th and 14th Amendments and violated 42 U.S.C. §1983. These actions were taken against citizens who were committing no crime and posed no threat to the officers or any other person. Officer Cook, Reid, Palmer, and Williams' actions violated clearly established law, were objectively unreasonable, and were committed with deliberate indifference to the Plaintiffs.

22. As a direct and proximate result of the above described actions by Cook, the Plaintiffs' constitutional rights were violated and they have suffered physical and emotional damages.

### THIRD CAUSE OF ACTION: CITY OF COLUMBIA

23. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

24. Upon information and belief, the Plaintiffs charge that the City of Columbia and/or other supervisors had prior knowledge that Officer Cook had used excessive force on detainees on prior occasions yet chose not to take any action against him or to investigate, retrain, discipline or reassign him. On at least two other previous incidents in which he used excessive force against a detainee. On August 19, 2017, Officer Cook used excessive force against Shamber Collins. On October 14, 2018, Officer Cook used excessive force against Domenique Jefferson who was being detained at the Marion County Jail. Officer Cook was allowed to remain an officer. As a direct and foreseeable result of the City of Columbia officials' failure to remedy this problem, the Plaintiffs suffered the harm alleged herein.

### DAMAGES

25. The Plaintiffs have suffered physical and emotional damages, and continues to do so, as a result of Officer Cook's actions.

**PRAYER FOR RELIEF**

The Plaintiffs, Myjellious McKenzie and Monica McKenzie, respectfully prays for the following relief:

A. Compensatory damages of, from and against the Defendants, in amount to be determined by this Court.

B. Punitive damages of, from and against the Defendants, Cook, Reid, Palmer, and Williams in their individual capacity in an amount to be determined by this Court.

C. Payment of medical expenses.

D. Payment of all property and financial losses.

E. Reasonable attorney's fees and all costs of this court.

F. Pre and post judgment interest.

G. Such other general and special relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, this the 19th day of December 2019.

                        MYJELLIOUS MCKENZIE and
                        MONICA MCKENZIE,
                        PLAINTIFFS

BY:   */s/ Charles R. Mullins*
        CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MSB# 9821)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-7097
chuckm@coxwelllaw.com
*Attorney for the Plaintiffs*