IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MYJELLIOUS MCKENZIE and
MONICA MCKENZIE                                                          PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 2:19cv196-KS-MTP

NATHAN COOK, individually and
as an Officer of Columbia Police Department,
ANDREW REID, individually and
as an Officer of Columbia Police Department,
DAVID RYAN WILLIAMS, individually and
as an Officer of Columbia Police Department,
STEVEN PALMER, individually and
as an Officer of Columbia Police Department and
CITY OF COLUMBIA, MISSISSIPPI                                DEFENDANTS

## ANSWER AND DEFENSES

COME NOW, Nathan Cook, (properly Nathaniel Cook), individually and as an Officer of

the Columbia Police Department, Andrew Reid, individually and as an Officer of the Columbia

Police Department, David Ryan Williams, individually and as an Officer of the Columbia Police

Department, Steven Palmer, individually and as an Officer of the Columbia Police Department,

and the City of Columbia, Mississippi, by and through counsel, and first asserting all available

defenses pursuant to Fed. R. Civ. P. 12(b)(6), submit this, their Answer and Defenses, in the

above styled and numbered cause, in response to the Complaint filed herein against them, as

follows:

## FIRST DEFENSE

The Complaint fails to state a cause of action against these answering defendants upon

which relief may be granted and should, accordingly, be dismissed pursuant to Fed.R.Civ.P.

12(b)(6).

## SECOND DEFENSE

And now, for further answer to the Complaint, responding in correspondingly numbered paragraphs, these answering defendants would show:

## PARTIES

1.      These answering defendants admit the plaintiffs' allegations contained in paragraph 1 of their Complaint, based on information and belief.

2.      These answering defendants admit the plaintiffs' allegations contained in paragraph 2 of their Complaint, based on information and belief.

3.      Paragraph 3 of the plaintiffs' Complaint appears to be directed toward the defendant Cook, specifically.  The defendant Cook admits only that he is an adult resident citizen of Marion County, Mississippi, and may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure and such other laws as may be applicable.  To the extent an answer is required from the remaining defendants, the remaining defendants adopt defendant Cook's specific answer, based on information and belief.  All remaining averments and averments not specifically admitted are hereby denied.

4.      Paragraph 4 of the plaintiffs' Complaint appears to be directed toward the defendant Reid, specifically.  The defendant Reid admits only that he is an adult and denies that he is a resident citizen of Marion County, Mississippi, but further admits that he may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure and such other laws as may be applicable.  To the extent an answer is required from the remaining defendants, the remaining defendants adopt defendant Reid's specific answer, based on information and belief.  All remaining averments and averments not specifically admitted are hereby denied.

5.      Paragraph 5 of the plaintiffs' Complaint appears to be directed toward the

2

defendant Williams, specifically.  The defendant Williams admits only that he is an adult and denies that he is a resident citizen of Marion County, Mississippi, but further admits that he may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure and such other laws as may be applicable.  To the extent an answer is required from the remaining defendants, the remaining defendants adopt defendant Williams' specific answer, based on information and belief.  All remaining averments and averments not specifically admitted are hereby denied.

6.     Paragraph 6 of the plaintiffs' Complaint appears to be directed toward the defendant Palmer, specifically.  The defendant Palmer admits that he is an adult resident citizen of Marion County, Mississippi, and that he may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure and such other laws as may be applicable.  To the extent an answer is required from the remaining defendants, the remaining defendants adopt defendant Palmer's specific answer, based on information and belief.  All remaining averments and averments not specifically admitted are hereby denied.

7.     Paragraph 7 of the plaintiffs' Complaint appears to state legal conclusions which do not require an answer from these answering defendants and appear to be directed to the City of Columbia.  To the extent an answer is required, the City of Columbia admits only that it is a political subdivision of the State of Mississippi and may be served with process upon the City Clerk for the City of Columbia, 201 Second Street, Columbia, Mississippi 39429, and Rule 4 of the Federal Rules of Civil Procedure and such other laws as may be applicable.  To the extent an answer is required for the remaining defendants, the remaining averments contained in paragraph 7 of the plaintiffs' Complaint are denied.

3

## JURISDICTION

8.      Paragraph 8 of the plaintiffs' Complaint appears to state legal conclusions which do not require an answer from these answering defendants.  To the extent an answer is required, these answering defendants deny the plaintiffs' averments contained in paragraph 8 of their Complaint.

9.      These answering defendants admit only, based on information and belief, that the individual officers, Cook, Reid, Williams, and Palmer, were acting in their official capacity as law enforcement officers of the City of Columbia Police Department.  These answering defendants deny the remaining averments contained in paragraph 9 of the plaintiffs' Complaint, and it is specifically denied that any action of the named defendants violated any laws or that such actions were objectively unreasonable, and committed with deliberate indifference against the plaintiffs, and, further, these answering defendants affirmatively state that all individual defendants named herein are entitled to qualified immunity.

10.     Paragraph 10 of the plaintiffs' Complaint appears to state legal conclusions which do not require an answer from these answering defendants.  To the extent an answer is required, these answering defendants deny the plaintiffs' averments contained in paragraph 10 of their Complaint.

## VENUE

11.     Paragraph 11 of the plaintiffs' Complaint appears to state legal conclusions which do not require an answer from these answering defendants.  To the extent an answer is required, these answering defendants deny the plaintiffs' averments contained in paragraph 11 of their Complaint.

## FACTS

12.     These answering defendants admit only, based on information and belief, that on the night of August 23, 2018, the plaintiffs were at their home, and that others were present, including, but not limited to, Tiant Johnson, and further that Columbia Police Department Officer Nathan Cook (properly Nathaniel Cook) viewed a truck that was parked in the plaintiffs' yard, which had its radio or other music emitting device on. These answering defendants specifically deny the plaintiffs' averment that the music was not loud, and they affirmatively state that the music coming from the subject truck was loud and clearly heard by Officer Cook as he was on patrol. Officer Cook admits, and these answering defendants also admit, based on information and belief, that Officer Cook was shining a light in the subject truck that was parked in the yard. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 12 of the plaintiffs' Complaint; therefore, for purpose of answer, the same are denied.

13.     Officer Cook admits, and these answering defendants admit only, based on information and belief, that Mr. McKenzie came to the door, and would state that he immediately became belligerent, began cursing Officer Cook, and further deny that Mr. McKenzie at first denied ownership of the truck, but admit that Officer Cook told him that the music from the truck needed to be turned off. Officer Cook denies, and these answering defendants deny, based on information and belief, that Mr. McKenzie asked Officer Cook what brought him to the neighborhood and that Officer Cook stated that he had received a call about loud music, that Mr. McKenzie said there had been no loud music at his house, and jokingly stated that no one in their neighborhood would call the police for that anyway, that Officer Cook became visibly upset and began to curse at Mr. McKenzie. These answering defendants further

5

admit only that Mr. McKenzie made reference to calling Columbia Police Department Officer Sgt. Adrian Fortenberry. These answering defendants deny all the remaining averments contained in paragraph 13 of the plaintiffs' Complaint which are not specifically admitted or denied, and these answering defendants further deny that Mr. McKenzie had any reason to be alarmed by Officer Cook's actions.

14.    Officer Cook admits, and these answering defendants admit, based on information and belief, that Officer Cook approached the front door of the subject house, as he was already standing on the front porch but deny that he ordered Mrs. McKenzie to step outside. These answering defendants do admit, based on information and belief, that Mrs. McKenzie did, later, step onto the front porch. These answering defendants further admit only, based on information and belief, that someone did exit the home and go turn the truck off. These answering defendants are without knowledge or information sufficient to form a belief as to the truth of the plaintiffs' averment that the events took place at 8:08 p.m. These answering defendants deny the plaintiffs' averments that Mrs. McKenzie advised Officer Cook that since the truck had been turned off, could he please leave in order to avoid further problems. These answering defendants admit, based on information and belief, that an individual whose identity was then unknown walked down the street to the plaintiffs' home. These answering defendants admit that individuals were on the front porch with Officer Cook talking but are without knowledge or information sufficient to form a belief as to the truth of their exact names; therefore, for purpose of answer, the plaintiffs' averments as to individuals' identities are denied. These answering defendants admit only that Officer Williams did arrive at the plaintiffs' house. These answering defendants further admit that Officer Palmer arrived at the plaintiffs' house. These answering defendants admit that Officer Reid came up on the porch and drew his taser. These answering

6

defendants admit that Sgt. Fortenberry arrived at the scene.  These answering defendants admit

that Mr. McKenzie came out on the porch to check on his wife and remained there until an

ambulance arrived.  The remaining averments contained in paragraph 14 of the plaintiffs'

Complaint are denied.  Furthermore, these answering defendants specifically deny that Mrs.

McKenzie advised Officer Cook that since the truck had been turned off, could he please leave

in order to avoid further problems; that Officer Cook attempted to go into the house but Mrs.

McKenzie said he could not enter without a search warrant; that Officer Cook replied that if he

had to get a search warrant, he was taking everyone to jail; that there was no reason for Officer

Reid to draw his taser and point it at Ephesians; that Officer Reid then reached into the house

and grabbed Mrs. McKenzie by the arm and pulled her out of the house; that Mrs. McKenzie

was shocked by the alleged action of Officer Reid, which alleged action is denied.  Additionally,

these answering defendants are without knowledge or information sufficient to form a belief as

to the truth of the plaintiffs' averment that Mrs. McKenzie was starting to have a panic attack

and that she came back out on the porch still having a panic attack and passed out, and,

therefore, for purpose of answer, the same are denied.

15.    These answering defendants admit only that an ambulance arrived for Mrs.

McKenzie and that after she was loaded onto a stretcher, Mr. McKenzie turned and walked into

his house, after being told by Officer Cook and possibly other CPD officers not to enter their

home.  These answering defendants affirmatively state that Mr. McKenzie turned and walked

into his house after and while he was being told by Officer Cook, and possibly other CPD

personnel, not to go inside the house.  These answering defendants further admit only that

Columbia Police Department Officers entered the home behind Mr. McKenzie and that,

subsequently, he was taken to jail and charged with disorderly conduct and resisting arrest,

which charges were subsequently dismissed on appeal to the Circuit Court of Marion County, Mississippi.  Since these answering defendants deny that the plaintiffs were "attacked" by anyone, it is admitted that Sgt. Fortenberry was not involved in an attack, nor were any other Columbia Police Department Officers, and that he has not been accused of wrongdoing.   These answering defendants specifically deny the plaintiffs' averments that police officers "rushed" into his home, attacked him without justification, that his back and head were slammed into the kitchen counter by Officer Cook, that he was "tased" by Officer Reid, and that officers gave false testimony.  These answering defendants deny all remaining averments not previously specifically admitted or denied.

16.    These answering defendants deny the plaintiffs' averments contained in paragraph 16 of their Complaint.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE MISSISSIPPI TORT CLAIMS ACT

17.    These answering defendants incorporate all responses to allegations contained in the foregoing responses, and the same are repeated and incorporated herein by reference as if fully set forth herein.

18.    These answering defendants admit only that Officers Cook, Reid, Palmer, and Williams were acting within the course and scope of their employment with the City of Columbia.  These answering defendants deny the remaining averments contained in paragraph 18 of the plaintiffs' Complaint, and it is specifically denied that the officers' actions were in violation of Miss. Code Ann. § 11-46-1, *et seq.*, that their actions were with reckless disregard to the safety and well-being of the plaintiffs, violated Article III § 23 of the Mississippi Constitution, and constituted excessive force and wrongful arrest.

8

19.     These answering defendants deny the plaintiffs' averments contained in paragraph 19 of their Complaint.

## SECOND CAUSE OF ACTION: UNCONSTITUTIONAL USE OF EXCESSIVE AND ILLEGAL SEIZURE PURSUANT TO  42 U.S.C. § 1983

20.     These answering defendants incorporate all responses to allegations contained in the foregoing responses, and the same are repeated and incorporated herein by reference as if fully set forth herein.

21.     These answering defendants deny the plaintiffs' averments contained in paragraph 21 of their Complaint.

22.     These answering defendants deny the plaintiffs' averments contained in paragraph 22 of their Complaint.

## THIRD CAUSE OF ACTION: CITY OF COLUMBIA

23.     These answering defendants incorporate all responses to allegations contained in the foregoing responses, and the same are repeated and incorporated herein by reference as if fully set forth herein.

24.     These answering defendants deny the plaintiffs' averments contained in paragraph 24 of their Complaint.

## DAMAGES

25.     These answering defendants deny the plaintiffs' averments contained in paragraph 25 of their Complaint.

## PRAYER FOR RELIEF

These answering defendants deny the plaintiffs' last unnumbered paragraph, beginning with the words "The Plaintiffs, Myjellious McKenzie and Monica McKenzie, respectfully prays

9

for the following relief:" and ending with the words "Such other general and special relief as appears reasonable and just in this cause," including, but not limited to, subparts A, B, C, D, F, and G.

### THIRD DEFENSE

And now, for further answer to the Complaint and without waiving any other defense here or elsewhere asserted, these answering defendants affirmatively state:

1.    These answering defendants affirmatively plead Rule 12(b)(1) of the Federal Rules of Civil Procedure.

2.    These answering defendants affirmatively plead Rule 12(b)(2) of the Federal Rules of Civil Procedure.

3.    These answering defendants affirmatively plead Rule 12(b)(3) of the Federal Rules of Civil Procedure.

4.    These answering defendants affirmatively plead Rule 12(b)(4) of the Federal Rules of Civil Procedure.

5.    These answering defendants affirmatively plead Rule 12(b)(5) of the Federal Rules of Civil Procedure.

6.    These answering defendants affirmatively plead Rule 12(b)(6) of the Federal Rules of Civil Procedure.

7.    These answering defendants affirmatively plead Rule 12(b)(7) of the Federal Rules of Civil Procedure.

8.    These answering defendants affirmatively state that the affirmative defenses contained in the above and foregoing Answer are incorporated herein and made a part of this defense by reference thereto.

9.    These answering defendants are entitled to and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

10.    These answering defendants affirmatively state that the plaintiffs' Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983.

11.    These answering defendants would affirmatively state that at all times, they acted in good faith and in reliance upon the laws in existence at the time and are entitled to qualified immunity and/or absolute immunity.

12.    These answering defendants would affirmatively plead contributory negligence.

13.    These answering defendants would affirmatively state that at all times complained of, the plaintiffs were guilty of affirmative conduct proximately causing them alleged harms and, accordingly, any recovery herein must be reduced under the applicable principles of comparative negligence or comparative fault or if established to be the sole contributing proximate cause bars their recovery entirely.

14.    These answering defendants plead all immunities available to them and assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law.

15.    These answering defendants would affirmatively state that at all times complained of, they acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, with probable cause, without injurious intent, without evil motive, and are guilty of no wrongful or tortious conduct.

16.    These answering defendants would affirmatively state that the plaintiffs are not entitled to punitive damages and further affirmatively plead:

11

a.    An award of punitive damages in this civil action would amount to deprivation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution;

b.    No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awarded;

c.    An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

d.    The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the 5th and 14th amendments to the United States Constitution;

e.    An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

f.    An award of punitive damages in this civil action would violate the equal protection provisions of the 14th amendment in that such a sanction is discriminatory and arbitrary in penalizing defendants on the basis of assets;

g.    To the extent that defendants are subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt" and punitive damages should not be awarded without affording defendants the full range of criminal procedure safeguards by the 4th, 5th and 6th amendments to the United States Constitution;

h.    An award of punitive damages would violate Article 1, Section X of the United States Constitution;

i.    The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi; and

j.    An award of punitive damages violates the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, et seq., including but not limited to Section 11-46-15(2).

17.    These answering defendants would affirmatively state that the plaintiffs have suffered no loss or deprivation of any rights, privileges, or immunities afforded them by the United States Constitution or applicable federal or state law and have not pled violation of any clearly established law or right.

18.    These answering defendants would affirmatively state that no custom, policy or

12

practice attributable to these defendants proximately caused any harm to the plaintiffs. These answering defendants would also affirmatively state that no custom, policy or practice evinced or was maintained with deliberate or willful indifference. Additionally and/or alternatively, these answering defendants would further allege that any damage, loss or deprivation to plaintiffs, if any, was not proximately caused by any official policy, practice or custom of these answering defendants or of the City of Columbia, Mississippi. Plaintiffs' alleged loss, damage or deprivation, the same being denied, was not the proximate result of the execution of any governmental policy, custom or practice attributable to these answering defendants or to the City of Columbia, Mississippi.

19.    These answering defendants would affirmatively state that the factual allegations of the plaintiffs' Complaint and the conduct complained of do not violate any clearly established law or rights of the plaintiffs determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these answering defendants are not guilty of any deliberate abuse of inherently governmental power but rather had probable cause and lawful justification for all actions undertaken to the extent of their involvement.

20.    These answering defendants would affirmatively state that they are not liable to the plaintiffs pursuant to 42 U.S.C. § 1988 as plaintiffs are not possessed of a cognizable claim pursuant to 42 U.S.C. § 1983. These answering defendants further affirmatively state that they are entitled to attorneys fees pursuant to 42 U.S.C. § 1988, or otherwise, on the basis that plaintiffs' claims are unreasonable, groundless, and in bad faith.

21.    These answering defendants would further state that they acted reasonably and prudently in the exercise of legitimate and lawful justification, and, further, their conduct was performed in good faith, did not violate clearly established rights of which a reasonable person

would have known so as to be cognizable under 42 U.S.C. § 1983, and, further, the plaintiffs have suffered no injury, serious or otherwise, and their allegations do not rise to the level of constitutional tort.

22.    These answering defendants would affirmatively plead Miss. Code Ann. § 85-5-7 and state that the plaintiffs' alleged damages, losses and/or injuries, if any, are the proximate result of their own actions and/or omissions or those of persons for whom these answering defendants are neither liable nor responsible.

23.    These answering defendants affirmatively plead Miss. Code Ann. § 11-1-65.

24.    These answering defendants, and specifically the City of Columbia, would affirmatively state that there is no liability for damages on the principles of agency or *respondeat superior*, including but not limited to 42 U.S.C. 1983 or Miss. Code Ann. § 11-46-5(2) (1972, as amended), for the actions or omissions of any person named in the Complaint.

25.    These answering defendants would affirmatively state that the City of Columbia and its employees, including, but not limited to, the defendants, Officer Nathan Cook (properly Nathaniel Cook), Officer Andrew Reid, Officer Steven Palmer, and Office Ryan Williams, were adequately trained, and no circumstances presented proximately resulted from any inadequate training or supervision.

26.    These answering defendants would affirmatively state that they are not guilty of conduct amounting to deliberate indifference to the rights or needs of the plaintiffs.

27.    These answering defendants would affirmatively state that the plaintiffs' alleged injuries were unforeseeable and caused by persons, forces, or entities for which these answering defendants are neither liable or responsible, and such were the result of intervening, superseding causes.

14

28.     All acts done by the employees of the City of Columbia and City of Columbia Police Department, including, but not limited to, the individually named defendants, were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that their conduct was lawful, reasonable, and appropriate under the circumstances.

29.     These answering defendants would affirmatively state that they have not violated the equal rights of the plaintiffs under the law pursuant to 42 U.S.C. § 1981.

30.     These answering defendants affirmatively state that the plaintiffs have failed to join a party under Rule 19 in conformity with Rule 12(b)(7) of the Federal Rules of Civil Procedure.

31.     The City of Columbia invokes the doctrine of sovereign immunity.

32.     These answering defendants affirmatively state that they have breached no duty owed to the plaintiffs in any respect whatsoever.

33.     These answering defendants would affirmatively state that the facts having not been fully developed, these answering defendants reserve the right to plead such further affirmative defenses to which they might become entitled.

34.     These answering defendants would affirmatively state that the incident complained of was a result of superseding and intervening acts for which these defendants are not liable.

35.     The acts complained of did not violate any clearly established rights which a reasonable person would have known.

36.     These answering defendants affirmatively assert and invoke all defenses and

rights available to them and set forth in Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, § 11-46-3, § 11-46-5, § 11-46-7, 11-46-9, 11-46-11, 11-46-13, and 11-46-15 (1972), and affirmatively state that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party herein.

37.    These answering defendants would affirmatively plead all applicable statutes of limitations and would affirmatively plead that the plaintiffs' Complaint is barred by the applicable statutes of limitations, including, but not limited to, Miss.Code.Ann. §§ 15-1-49 and 11-46-11(3)(a), (1972, as amended), *res judicata*, collateral estoppel, laches, waiver, contributory negligence, assumption of risk, accord and satisfaction, lack of standing, release, and/or estoppel.

38.    These answering defendants would affirmatively state that the plaintiffs' averments do not rise to the level of a violation of a constitutional right; therefore, plaintiffs' allegations of threats made against them do not state a cause of action under 42 U.S.C. § 1983, or any other federal statute.

39.    These answering defendants would affirmatively state that the plaintiffs lack standing to bring this civil action.

40.    These answering defendants affirmatively plead all abstention doctrines which may be applicable to this civil action.

41.    These answering defendants would affirmatively state that the plaintiffs failed to adequately comply with the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, *et seq*, including, but not limited to, the notice provisions of Miss. Code Ann. §11-46-11.

42.    These answering defendants would assert that the plaintiffs have not alleged any

claim amounting to a constitutional violation against these answering defendants in their individual capacities, and, as such, all matters complained of are in their official capacities as law enforcement officers with the City of Columbia, Mississippi.

43.    These answering defendants would affirmatively state that the City of Columbia and its employees, including, but not limited to, these answering defendants, were adequately trained, and no circumstances presented proximately resulted from any inadequate training or supervision.

44.    All acts done by the Columbia Police Department officers, including, but not limited to, these answering defendants, were done in their official capacities and were reasonable, lawful, appropriate and commensurate with the circumstances existing at the time, and all such acts were done in good faith based upon objectively reasonable belief that conduct was lawful, reasonable, and appropriate under the circumstances.

45.    These answering defendants would affirmatively state that the plaintiffs are not entitled to a jury trial on state law claims as against these defendants and move the Court to strike any such demand for jury trial, and, further, to bifurcate the trial of state law claims from federal law claims.

46.    These answering defendants would affirmatively state that during the time period complained of, the plaintiffs were engaged in criminal activity.

47.    These answering defendants affirmatively plead that Officers Cook, Reid, Palmer, and Williams are entitled to qualified immunity on state and federal legal grounds.

48.    These answering defendants affirmatively state that the plaintiffs refused to obey lawful commands of the officers present, including, but not limited to, Officers Cook, Reid, Palmer, and Williams.

49.     These answering defendants would affirmatively state that the plaintiffs cannot show injury suffered as a result of the alleged excessive force used on the part of these answering defendants.

50.     These answering defendants would affirmatively state that any injury suffered by the plaintiffs was the result of their own actions and not those of these answering defendants.

51.     These answering defendants would affirmatively state that there existed probable cause for the plaintiffs' arrest and for all actions taken during the time period complained of.

52.     These answering defendants would affirmatively state that their actions were not motivated against the plaintiffs' exercise of a constitutionally protected conduct.

53.     These answering defendants would affirmatively state that at no time did any governmental actor acting on behalf of these answering defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to plaintiffs, and for that reason, plaintiffs' claims are barred.

54.     These answering defendants would affirmatively state that no individual defendant herein is a "policymaker" for the City of Columbia, Mississippi, and that there is no evidence in this case of a policy or custom that deprived plaintiffs as a member of a certain class of any right afforded by the United States Constitution.

55.     These answering defendants would affirmatively state that the plaintiffs were detained for investigation and that reasonable suspicion of specific criminal activity existed, such that the detention was reasonable and consistent with the requirements of the Fourth Amendment of the United States Constitution.  To the extent that plaintiffs were arrested, probable cause existed based upon a reasonable belief that a crime had been committed and that plaintiffs were guilty of that crime consistent with the requirements of the Fourth Amendment of the United

States Constitution.

56.     These answering defendants affirmatively state that the criminal conduct of plaintiffs constituted the sole proximate cause of any injuries they allegedly sustained and of any damages allegedly resulting therefrom.

57.     These answering defendants affirmatively state that punitive damages are not recoverable against the City of Columbia under § 1983.  These answering defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of Miss. Code Ann. § 11-1-65 and 11-46-15(2) (1993) with regard to any claim for punitive damages.

58.     These answering defendants are not responsible for any condition of plaintiffs that pre-existed the events upon which this Complaint is based.

59.     These answering defendants would affirmatively state that all restrictions applicable to the plaintiffs herein were rationally related to legitimate objectives and not vague or overbroad as applied to plaintiffs.

60.     These answering defendants affirmatively plead Section 11-1-60 of the Mississippi Code of 1972 regarding limitations on all non-economic damages that may be sought by the plaintiffs in this action or considered or awarded by the jury in this action.

61.     These answering defendants would affirmatively state that any and all averments not specifically admitted herein are denied.

Respectfully submitted,

NATHAN COOK (PROPERLY
NATHANIEL COOK), individually and
as an Officer of Columbia Police
Department,
ANDREW REID, individually and
as an Officer of Columbia Police Department,
DAVID RYAN WILLIAMS, individually and
as an Officer of Columbia Police Department,
STEVEN PALMER, individually and
as an Officer of Columbia Police Department, and
CITY OF COLUMBIA, MISSISSIPPI,
DEFENDANTS

By:    s/ Lawrence E. Hahn
       Of Counsel

Lawrence E. Hahn, MSB No. 8954
McNeese & Hahn, PLLC
P. O. Drawer 948
338 Church Street
Columbia, MS 39429
Telephone: (601) 731-5020
Facsimile: (601) 731-5030
lhahn@mcneesehahn.com
Attorney for Defendants

Leigh Kennington Berry, MSB No. 3578
Berry Law Firm, PLLC
329 Church St.
P. O. Box 783
Columbia, MS 39429
Telephone: (601) 736-3004
Facsimile: (601) 736-3322
leigh@lkberrylaw.com
Attorney for the Individual Defendants in
their individual capacities:
(Nathan Cook, properly Nathaniel Cook,
Andrew Reid, David Ryan Williams, and
Steven Palmer)

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence E. Hahn, attorney for the defendants, do hereby certify that I have this day *__electronically filed__* the above and foregoing document with the ***CM/ECF*** system and provided copies of same via electronic filing and by United States Mail, postage prepaid, to the following counsel:

        Charles R. Mullins, Esquire
        Coxwell & Associates, PLLC
        P. O. Box 1337
        Jackson, MS 39215-1337
        Cmullins@coxwelllaw.com

DATED, this the 7th day of February, 2020.

                         s/Lawrence E. Hahn
                         Attorney for Defendants